**Kevin P. BROOKS, Plaintiff–Appellant,**

v.

**AON CORPORATION, Virginia Surety Company, Inc., a/k/a Combined Specialty Insurance Company, Inc. and Combined Specialty Group, Inc., Defendants–Appellees,**

No. 04–2068.

United States Court of Appeals, Second Circuit.

April 14, 2005.

Paula K. Colbath, Loeb & Loeb LLP, New York, N.Y. (Leily Lashkari), for Plaintiff–Appellant, of counsel.

David B. Newman, Sonnenschein Nath & Rosenthal LLP, New York, N.Y. (Howard H. Weller), for Defendants–Appelles, of counsel.

Present: CALABRESI, CABRANES, Circuit Judges, and HALL,* District Judge.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff–Appellant Kevin P. Brooks ("Brooks") sued his former employer, Aon Corporation, and its subsidiaries, Virginia Surety Company, Combined Specialty Insurance Company, and Combined Specialty Group (collectively, "Aon"), in connection with the termination of his employment. The complaint, invoking the district court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332, stated claims for, *inter alia*, breach of contract, promissory estoppel, and fraudulent inducement of a contract.[1] Brooks now appeals the district court's grant of Aon's motion for summary judgment on the fraudulent inducement claim, and its entry, at trial, of judgment as a matter of law against Brooks on the breach of contract and promissory estoppel claims. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

As to fraudulent inducement and breach of contract, we affirm the dismissal of these claims substantially for the reasons stated by the district court. With respect to the promissory estoppel claim, however, we vacate the decision of the district court and remand for reconsideration in light of *Cweklinsky v. Mobil Chemical Co.*, 364 F.3d 68 (2d Cir.2004). *Cweklinsky*, decided by our court subsequent to the district court's dismissal of Brooks's promissory estoppel cause of action, treated the question of the viability of a promissory estoppel claim in light of the Connecticut Supreme Court's recent holding in *Stewart v. Cendant Mobility Servs. Corp.*, 267 Conn. 96, 837 A.2d 736 (2003). *See Cweklinsky*, 364 F.3d at 78. On remand the district court should consider: (1) whether *Stewart*, either in itself or as applied by our court in *Cweklinski*, suggests that a difference exists between Illinois law and Connecticut law with respect to the doctrine of promissory estoppel; (2) if there is such a difference, whether that difference would lead to a different result in this case; and (3) if a different result would obtain under Illinois or Connecticut law, which law the New York Court of Appeals would apply. In addition, the court should reconsider, given the applicable law and the record before it, its previous conclusion that a promissory estoppel claim requires that "a promise itself must be at least of the specificity that would support an oral contract," in light of *Cweklinsky*, 364 F.3d at 78 (evidence required to support a claim of promissory estoppel is not identical to that required to support a claim of breach of implied contract), *Stewart*, 267 Conn. at 104, 837 A.2d 736 (fundamental element of promissory estoppel is existence of a "clear and definite promise"), and *Quake Constr., Inc. v. American Airlines, Inc.*, 141 Ill.2d

---

* The Honorable Janet C. Hall, United States District Judge for the District of Connecticut, sitting by designation.

1. Two other causes of action dismissed by the district court on summary judgment are not relevant to the instant appeal.

281, 310, 152 Ill.Dec. 308, 565 N.E.2d 990 (Ill.1990) (promissory estoppel under Illinois law requires proof of "an unambiguous promise," and recovery "on a theory of promissory estoppel [is possible] despite the absence of a contract"). The district court is also free on remand to consider any other issues not inconsistent with this summary order.

The judgment of the district court is AFFIRMED in part and VACATED and REMANDED in part for further proceedings consistent with this order.